**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Warren M. ANDERSON, Defendant-Appellant.**

**No. 17544.**

United States Court of Appeals, Seventh Circuit.

May 15, 1970.

---

Trial, jury trial having been waived, of violating Title 18 U.S.C. § 113(c), assault with intent to do bodily harm with a dangerous weapon (a motor vehicle) without just cause or excuse, resulting in a suspended sentence, three months' probation and a fine of $100.

There was a sharp conflict in the testimony of defendant and the prosecution's witness, Lyman Reid, the victim of the alleged assault, presenting issues of credibility for the Court as trier of the facts.

It was stipulated that Hines Veterans Administration and the grounds appurtenant thereto at Hines, Illinois, are lands acquired for the use of the United States of America and under the exclusive jurisdiction thereof.

Defendant was an employee at Hines Hospital who drove to work regularly. On February 9, 1967, the day of the offense, the left fork of a road curving around a monument inside the gate, previously available to two-way traffic, was designated for one-way traffic leaving the grounds.

Lyman Reid, a structural firefighter with Hines Hospital, was put on Traffic detail shortly after noon on February 9, 1967. When defendant drove in, he informed defendant of the new one-way designation of the road, but his directions were not followed. When defendant came back shortly, Mr. Reid stopped him, and asked for identification. He testified that his instructions were to issue tickets for violations. When defendant refused to show any identification, Mr. Reid copied the license and sticker number on the front of the car and, after a few words with defendant, asked him to follow him as he walked along the way. The defendant testified that Mr. Reid was shouting belligerently and cursing although defendant said he expressed regret for going the wrong way. While Mr. Reid was walking past

Warren Anderson, Maywood, Ill., Gerald Werksman, Russell Hirsch, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., Jeffrey N. Cole, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before KNOCH, Senior Circuit Judge, KERNER, Circuit Judge and GORDON, District Judge.*

KNOCH, Senior Circuit Judge.

Plaintiff-appellant, Warren M. Anderson, appeals from conviction in a Bench

---

* Judge Gordon is sitting by designation from the United States District Court for the Eastern District of Wisconsin.

the monument with defendant's car coming along behind him, another car came in the wrong way and was stopped by Mr. Reid. As this car began to back up, defendant's car moved forward. Defendant said his motor was about to die and he was growing impatient with the delay while Mr. Reid was engaged with the other driver. Mr. Reid said that he was left with no place to go as defendant's car was only two feet behind him and there were five foot high snow banks on the side. He said to save himself he jumped onto the hood of defendant's car. Defendant testified that Mr. Reid was behind the other car talking to the driver when defendant started to move and that Mr. Reid then ran around from the second car and jumped onto defendant's car from the side, apparently to prevent his departure; that defendant never intended to run Mr. Reid down or to hurt him.

Mr. Reid testified that he was carried out the gate, clinging to the windshield, blowing his whistle and beating with his hand on the window. He testified that defendant not only failed to stop at the gate stop sign but also ran through a red traffic signal light about 100 yards down Roosevelt Road and drove almost another block before sharply braking and hurling Mr. Reid from the hood of the car into a snowbank. Mr Reid testified that he walked back to Hines.

Defendant's report was that he proceeded slowly, that he did stop at the gate hoping Mr. Reid would alight but that the latter only started jumping on the front of the car and he was afraid to get out to confront him at that time. He said the traffic light on Roosevelt was green, that he stopped by the side of the road and Mr. Reid got off of his own volition.

■ Resolution of these factual issues was for the trier of the facts who saw and heard the witnesses. We will not weigh the evidence or determine the credibility of these witnesses. United States v. Miles, 7 Cir., 1968, 401 F.2d 65. 67.

Defendant contends that the evidence did not prove a violation of § 113(c), which carries a possible penalty of imprisonment for up to five years, but (if any offense) of § 113(d), assault by striking, beating or wounding, calling for a fine of not more than $500 or imprisonment for no more than six months, or both. He also argues that the evidence is insufficient to prove intent to do bodily harm and that this is a proper case to invoke the De Minimis doctrine, as an incident meriting only a summary hearing in a lower police court has been magnified into an indictable felony solely because of the location in which it occurred.

Defendant argues that we must look to the analogous Illinois statutes which define the offense shown here as "battery," not the "assault" with which defendant was charged, making a fatal variance between charge and proof. We believe defendant's reliance on Jerome v. United States, 1943, 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640 is misplaced. The Supreme Court there reversed a ruling that the generic term "felony" in § 2(a) of the Federal Bank Robbery Act included all offenses which were felonies under the law of the State in which the victim bank was located. The Court in criticizing the decision below said it put federal banks into a position somewhat like lands reserved for the use of the United States under what is now the Assimilative Crimes Act, Title 18 U.S.C. § 13.

■ Title 18 U.S.C. § 13 applies to acts not made punishable by an enactment of Congress which would be punishable if committed within the jurisdiction of the State in which the place reserved for the use of the United States is located. That is not our case. We are dealing here with a specific enactment of Congress.

In United States v. Gill, 7 Cir., 1953, 204 F.2d 740, cert. den. 346 U.S. 825, 74

S.Ct. 42, 98 L.Ed. 350, on which defendant also relies, John Patrick Gill was charged, inter alia, with assault with intent to commit felony. Indiana law was used as a reference not for definitions of "assault" but only for definition of the particular "felony" intended to be committed, which would not have been a crime against the United States unless it had been made so by Title 18 U.S.C. § 13 and which would not have qualified as a "felony" under federal law Title 18 U.S.C. § 1 unless it were punishable under State law by death or imprisonment for a term exceeding one year.

■■■ Defendant argues that "assault" does not include any touching, that counsel conducted his defense against a charge of assault and not of battery and that defendant has thus been seriously prejudiced by use of the wrong section of the statute in the charge. Defendant here, of course, is relying on a distinction which is drawn from Illinois law. The wording of § 113 however shows that "assault" in the federal Act is a more inclusive term. The section to which defendant draws our attention, § 113(d), speaks of "assault" by striking or wounding. Thus in Forsberg v. United States, 9 Cir., 1965, 351 F.2d 242, cert. den. 383 U.S. 950, 86 S.Ct. 1209, 16 L.Ed.2d 212, the defendant was charged and convicted of assault with a dangerous weapon with intent to do bodily harm in violation of Title 18 U.S.C. § 113(c) where the victim had been stabbed. The wording of the Act is also dispositive of defendant's theory that a felony assault under § 113(c) can be considered merged in a misdemeanor battery under § 113 (d).

■■■ If the Trial Judge credited Mr. Reid's account of the event, as he evidently did, there was ample evidence from which to infer an intent to inflict bodily harm. We find defendant's De Minimus argument unpersuasive.

The judgment of the District Court is affirmed.

Affirmed.