**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Leonard Roland DUPREE,
Defendant-Appellee.**

No. 76–2193.

United States Court of Appeals,
Ninth Circuit.

Nov. 1, 1976.

Helena S. MacLay, Atty. (argued), Billings, Mont., for plaintiff-appellant.

Kenneth D. Peterson (argued), Billings, Mont., for defendant-appellee.

Before BROWNING and SNEED, Circuit Judges, and RICHEY,* District Judge.

PER CURIAM:

Defendant Leonard Dupree, an Indian person, was charged under 18 U.S.C. § 1153

* Honorable Mary Anne Richey, United States District Judge for the District of Arizona, sitting by designation.

with assault with a dangerous weapon in violation of 18 U.S.C. § 113(c). The alleged assault was committed upon another Indian and within the Indian country. The indictment was dismissed by the district court on the ground that 18 U.S.C. § 113(c) was unconstitutionally vague. We reverse.

Title 18, section 1153 of the United States Code confers federal jurisdiction over the offense of assault with a dangerous weapon when committed by an Indian within the Indian country. Additionally, section 1153, as amended in 1966 and 1968, provides that the offense be defined and punished in accordance with the laws of the state in which the offense was committed. However this borrowing provision was held to violate the equal protection requirement of the Fifth Amendment when applied in an indictment charging an assault committed by an Indian upon another Indian. *United States v. Cleveland*, 503 F.2d 1067 (9th Cir. 1975). Hence the defendant, pursuant to section 1153 as it stood prior to the 1966 and 1968 amendments, was subject to the applicable federal statute rather than the law of the state in which the alleged acts occurred. *See United States v. Tufti*, 542 F.2d 1046 (9th Cir. 1976). This statute is the federal assault statute, 18 U.S.C. § 113. The defendant was properly charged thereunder.

Title 18, section 113 of the United States Code states in pertinent part:

"Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:

.     .     .     .     .

(c) Assault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse, by fine of not more than $1,000 or imprisonment for not more than five years, or both."

The district court believed "assault" to be undefined, and therefore found section 113(c) unconstitutionally vague. We disagree.

A statute is unconstitutionally vague when it fails to give a person of ordinary intelligence fair notice that his contemplated activity is forbidden by the statute. *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 98 L.Ed. 989 (1954). No one may be required to speculate as to the meaning of a penal statute. *Lanzetta v. New Jersey*, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939). Nor does a common-law crime stand on different footing. It too must be defined with sufficient certainty. *Ashton v. Kentucky*, 384 U.S. 195, 86 S.Ct. 1407, 16 L.Ed.2d 469 (1966).

Section 113(c) is not impermissibly indefinite. The common-law meaning of a common-law term used in a federal criminal statute provides a source from which statutory precision may be derived. *United States v. Turley*, 352 U.S. 407, 411, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957); *Morissette v. United States*, 342 U.S. 246, 263, 72 S.Ct. 240, 96 L.Ed. 288 (1952); *United States v. Smith*, 18 U.S. (5 Wheat.) 153, 5 L.Ed. 57 (1820); *United States v. Bell*, 505 F.2d 539 (7th Cir. 1974), *cert. denied*, 420 U.S. 964, 95 S.Ct. 1357, 43 L.Ed.2d 442 (1975); *United States v. Brandenburg*, 144 F.2d 656, 659 (3rd Cir. 1944).

Assault had two meanings at common law. A criminal assault was an attempt to commit a battery. 1 W. Hawkins, Pleas of the Crown 110 (8th ed. 1824); R. Perkins, Criminal Law 114 (2d ed. 1969). A tortious assault was an act which put another in reasonable apprehension of immediate bodily harm. R. Perkins, *id.* at 114.

Both concepts of assault have become recognized as criminal assaults, R. Perkins, *supra* at 116–17; W. LaFave & A. Scott, Criminal Law, § 82 (1972), and are included under the federal definition of assault. *See United States v. Bell, supra; United States v. Rizzo*, 409 F.2d 400 (7th Cir.), *cert. denied*, 396 U.S. 911, 90 S.Ct. 226, 24 L.Ed.2d 187 (1969). Thus an assault is committed by either a willful attempt to inflict injury upon the person of another, or by a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm. *See United States v. Bell, supra; United*

*States v. Rizzo, supra; Brundage v. United States*, 365 F.2d 616 (10th Cir. 1966); *Shaffer v. United States*, 308 F.2d 654 (5th Cir. 1962), *cert. denied*, 373 U.S. 939, 83 S.Ct. 1544, 10 L.Ed.2d 694 (1963); *Price v. United States*, 156 F. 950 (9th Cir. 1907).

■ Use of this common-law definition of assault will render 18 U.S.C. § 113(c) sufficiently certain to give a person of ordinary intelligence fair notice that his contemplated activity is forbidden. *Cf. United States v. Linn*, 438 F.2d 456, 458 (10th Cir. 1971); *Oliver v. United States*, 230 F. 971 (9th Cir.), *cert. denied*, 241 U.S. 670, 36 S.Ct. 721, 60 L.Ed. 1230 (1916).

Defendant buttresses his argument in support of the trial court's dismissal of the indictment by pointing out that under § 113(c) a defendant can be charged with assault even though the facts indicate that he committed a battery. This Circuit, as well as others, follows this practice. Thus in *Hockenberry v. United States*, 422 F.2d 171 (9th Cir. 1970) the defendant was charged under § 113(c) when he stabbed the victim with a knife. *See also, United States v. Redstone*, 488 F.2d 300 (8th Cir. 1973); *United States v. Anderson*, 425 F.2d 330 (7th Cir. 1970); *United States v. Arreola*, 422 F.2d 869 (10th Cir. 1970). This practice, contends the defendant, prevents the accused from knowing whether the statute prohibits assault, battery, or both. Moreover, he contends, the practice is wrong because where battery is established there is a merger therein of the crime of assault which makes inapplicable § 113(c).

■ Our response is brief. Under section 113(c) the commission of a battery involving the use of a dangerous weapon does not result in a merger therein of the assault. *See United States v. Anderson, supra.* As the hornbooks put it, an assault is an attempted battery and proof of a battery will support conviction of assault. R. Perkins, *supra*, at 106–107. *See People v. Heise*, 217 Cal. 671, 20 P.2d 317 (1933). The situation is like that in *Miller v. United States*, 93 U.S.App.D.C. 76, 207 F.2d 33 (1953) where the defendant was convicted of assault with intent to commit carnal

knowledge of a girl under sixteen. The girl testified to having sexual intercourse with the defendant. The court said:

As the court told the jury, the crime of carnal knowledge includes the crime of assault with intent to commit carnal knowledge. This is not a legal fiction. It is a fact that the law recognizes. Since carnal knowledge of a child includes an assault with intent to commit it, the testimony that appellant committed carnal knowledge on June 9 necessarily meant also that he committed an assault with intent on June 9. *Id.* at 34.

Furthermore, the absence of a merger does not make § 113(c) unconstitutionally vague. The defendant is given fair notice that if either (1) he willfully attempts to inflict injury upon the person of another by means of a dangerous weapon, or (2) willfully threatens to inflict such injury by such means which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm, he is chargeable under § 113(c). Fair notice does not cease to be such merely because he remains so chargeable even if he inflicts the injury. To hold otherwise would, we suggest, appear strange indeed to "a person of ordinary intelligence." We reverse and remand for further proceedings not inconsistent with this opinion.

REVERSED and REMANDED.