92 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Ray CANTRELL, Defendant-Appellant.
 No. 95-10402.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1996.
Decided July 30, 1996.
 
 Before: WOOD, JR.,* CANBY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph Ray Cantrell, a member of the Pyramid Lake Tribe, appeals his conviction and sentence for assault with a dangerous weapon in violation of 18 U.S.C. §§ 113(c)[1], 1151, and 1153(a). Cantrell stabbed his cousin ("the victim") with a knife during an altercation that occurred on the Pyramid Lake Indian Reservation. On appeal, Cantrell argues that the district court erred by refusing to give the jury several proposed instructions. He also argues that the district court erred by refusing to grant downward departures on the grounds of aberrant behavior and successive prosecutions. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm Cantrell's conviction, but vacate Cantrell's sentence and remand for resentencing in light of the Supreme Court's decision in Koon v. United States, 64 U.S.L.W. 4512 (U.S. Jun. 13, 1996) (Nos. 94-1664, 94-8842).
 
 I.
 
 3
 A. "Theory of Defense" and Self-Defense Instructions
 
 
 4
 We need not repeat all of the facts relevant to Cantrell's claims because the parties are familiar with them. Cantrell argues that the district court erroneously denied his "theory of defense" (just cause or excuse) and self-defense instructions, and that these denials prevented him from presenting his theory of defense to the jury. We review for an abuse of discretion the district court's finding that there was an insufficient factual basis to warrant giving the proposed "theory of defense" and self-defense instructions. United States v. Duran, 59 F.3d 938, 941 (9th Cir.) (clarifying the standard of review for a district court's refusal to give a jury instruction when the existence of the required factual foundation is in dispute), cert. denied, 116 S.Ct. 535 (1995). We conclude that the district court did not abuse its discretion in finding insufficient factual and legal bases for these instructions.
 
 
 5
 "Just cause or excuse," which includes self-defense, is an affirmative defense under § 113(c). See Hockenberry v. United States, 422 F.2d 171, 173 (9th Cir.1970). Cantrell was entitled to jury instructions regarding his theory of defense only if the instructions were supported by law and had some foundation in the evidence. Duran, 59 F.2d at 941. Jury instructions regarding just cause or excuse and self-defense therefore were required only if "there [was] evidence upon which the jury could rationally sustain the[se] defense[s]." United States v. Jackson, 726 F.2d 1466, 1468 (9th Cir.1984).
 
 
 6
 The district court found that Cantrell's proposed instructions were unwarranted because no rational jury could find that Cantrell "had an excuse or just cause to act as he did." The district court explained that, in its view, Cantrell had withdrawn from the fight by walking twenty feet away to his truck, and initiated a new assault by returning and confronting the victim with the knife. The court noted that the victim had not followed Cantrell, and that the victim asked "what are you going to do now, stab your cousin" when Cantrell confronted the victim with the knife. "[A] defendant who provokes an encounter as a result of which he finds it necessary to use force to defend himself, ... cannot claim that he acted in self-defense." 2 Charles E. Torcia, Wharton's Criminal Law § 190 (15th ed. 1994). Although an initial aggressor may be able to regain the defense of self-defense in some instances, id. (initial aggressor may regain defense when he retreats and communicates intent to disengage from conflict), the district court did not abuse its discretion in concluding that the law and the evidence presented in this case could not support a jury finding that Cantrell had regained the defense. We therefore affirm the district court's rejection of Cantrell's "theory of defense" and self-defense instructions.
 
 
 7
 B. Intoxication and Specific Intent Instructions
 
 
 8
 Cantrell argues that the district court's limited instruction on intoxication, and the absence of instructions regarding the relationship between intoxication and specific intent, failed to convey adequately to the jury this theory of defense. We review de novo whether the instructions adequately covered Cantrell's theory of the defense. Duran, 59 F.3d at 941. The district court did not commit reversible error by rejecting Cantrell's proposed instructions if "other instructions, in their entirety, adequately cover [the] defense theory." Id. (quoting United States v. Mason, 902 F.2d 1434, 1438 (9th Cir.1990)).
 
 
 9
 Evidence in the record could have supported a jury conclusion that Cantrell was intoxicated at the time of the assault, and the parties agree that voluntary intoxication can negate the element of specific intent required for a conviction under § 113. See United States v. Hartfield, 513 F.2d 254, 259 (9th Cir.1975) (following rule that "intoxication (although voluntary) which precludes the formation of the necessary intention may be established as a defense"). Cantrell's proposed instructions arguably would have provided the jury with better guidance in applying the intoxication defense to the element of specific intent than the instructions that the district court gave. However, the district court instructed the jury that "the specific intent to do bodily harm" was an element of § 113, and that the government had to prove each of the elements beyond a reasonable doubt. The district court also gave the jury the Ninth Circuit Model Jury Instruction 6.06, which instructed the jury that it could consider evidence of intoxication in deciding whether the government had proved beyond a reasonable doubt that the defendant had the intent required for conviction.
 
 
 10
 Because Cantrell's claim of intoxication is "a gloss on the specific intent issue" rather than an analytically distinct claim, a separate instruction regarding the application of the intoxication defense to the element of specific intent was unnecessary. See United States v. Cebian, 774 F.2d 446, 447-48 (11th Cir.1985) (affirming district court's refusal to give separate diminished capacity instruction because specific intent instruction was given). Considered together, the specific intent and Ninth Circuit 6.06 instructions informed the jury that Cantrell's intoxication could affect an element required for conviction. We therefore conclude that the district court's instructions adequately covered Cantrell's intoxication theory of defense.
 
 C. Lesser-included Offense Instruction
 
 11
 Cantrell argues that the district court erred by refusing to instruct the jury on the lesser-included offense of assault by striking, beating, or wounding in violation of 18 U.S.C. § 113(d).[2] We review de novo the district court's refusal to give a lesser-included offense instruction. See United States v. Nichols, 9 F.3d 1420, 1421 (9th Cir.1993) (per curiam) (court considers de novo whether offense on which instruction is sought is a lesser-included offense).
 
 
 12
 Schmuck v. United States, 489 U.S. 705 (1988), compels our conclusion that assault by striking is not a lesser-included offense of assault with a dangerous weapon. In Schmuck, the Supreme Court rejected this circuit's "inherent relationship" test for identifying lesser-included offenses in favor of the "elements" test. See United States v. Lopez, 885 F.2d 1428, 1436 (9th Cir.1989) (noting the Supreme Court's rejection of the inherent relationship test in favor of the elements test), cert. denied, 493 U.S. 1032 (1990). Under the "elements" test, one offense is not "necessarily included" in another unless the elements of the lesser offense are a subset of the elements of the charged offense and it is impossible to commit the greater offense without also committing the lesser. Schmuck, 489 U.S. at 716, 719.
 
 
 13
 Assault with a dangerous weapon requires proof of two additional elements that assault by striking does not: use of a dangerous weapon and specific intent. Assault with a dangerous weapon does not require proof of physical contact, see United States v. Dupree, 544 F.2d 1050, 1051-52 (9th Cir.1976)[3], while physical contact is an element of assault by striking, see United States v. Johnson, 637 F.2d 1224, 1242 n. 26 (9th Cir.1980).
 
 
 14
 Cantrell argues that, in his case, physical contact is not an additional element that precludes a lesser-included offense instruction because the district court instructed the jury that the government had to prove that "[Cantrell] intentionally struck or wounded [the victim]." Schmuck precludes Cantrell's argument, however, by requiring a comparison of statutory elements rather than an examination of the particular conduct in each case. Compare Schmuck, 489 U.S. at 719-720, with Johnson, 637 F.2d at 1234 (the "inherent relationship" test requires an examination of the facts brought out at trial). Cf. Lopez, 885 F.2d at 1437 (although it was undisputed that defendant took control of and flew away in a helicopter, under Schmuck, theft is not a lesser-included offense of air piracy because theft "possesses an asportation element that need not be proved [for] air piracy"); United States v. Guilbert, 692 F.2d 1340, 1345 (11th Cir.1982) (assault with a dangerous weapon and assault by striking each requires proof of an element the other does not; they therefore are not "the same offense" for double jeopardy purposes), cert. denied, 460 U.S. 1016 (1983). We therefore affirm the district court's denial of the lesser-included offense instruction. See Nichols, 9 F.3d at 1421-22 (lesser-included offense instruction cannot be given when the lesser offense requires an element not required for the greater offense).
 
 II.
 
 15
 Cantrell argues that the district court erred by refusing to grant him downward departures on the basis of aberrant conduct and the dual prosecutions in the Tribal and Federal Courts. We cannot review a district court's discretionary decision not to depart from the Sentencing Guidelines, but may review the denial if the district court mistakenly believed that it did not have the legal authority to depart. See United States v. Lam, 20 F.3d 999, 1001 (9th Cir.1994). If the district court's decision is reviewable, we "ask whether the sentencing court abused its discretion." Koon, 64 U.S.L.W. at 4515.
 
 A. Aberrant Conduct
 
 16
 We conclude that the district court's refusal to downwardly depart is unreviewable, because the district court denied the departure in the exercise of its discretion. See Lam, 20 F.3d at 1001. The record reflects that the district court heard extensive arguments regarding whether Cantrell's conduct was aberrant behavior warranting a downward departure. The district court clearly realized that it had the legal authority to depart downward on the basis of aberrant behavior, but nevertheless concluded that Cantrell's history of aggression rendered the current offense conduct typical rather than aberrant. The district court's denial of the departure therefore is unreviewable by this Court. See United States v. Robinson, 958 F.2d 268, 272 (9th Cir.1992).
 
 B. Successive Prosecutions
 
 17
 Cantrell also argues that the district court erroneously believed it could not consider as a basis for downward departure the burdens imposed by his successive prosecutions in the Tribal and Federal Courts. We may review this claim. Although the district court granted Cantrell a three-month downward departure to take account of time served on his Tribal Court sentence, this credit for time served does not mean that the court considered a separate downward departure on the basis of the hardships arising from having to stand trial twice. In light of this court's then-controlling decision in United States v. Koon, 34 F.3d 1416, 1457 (9th Cir.1994) (holding that "nothing in the structure or policies of the Guidelines ... support a departure on the grounds that successive persecutions are burdensome"), aff'd in part, rev'd in part, 64 U.S.L.W. 4512 (U.S. Jun. 13, 1996) (Nos. 94-1664, 94-8824), the trial court likely understood that it had no authority to depart on this basis.[4]
 
 
 18
 The Supreme Court's recent reversal of this Circuit's decision in Koon established that successive prosecutions could, in some circumstances, form a basis for a downward departure. See Koon, 64 U.S.L.W. at 4521 (district court did not abuse its discretion in determining that a federal conviction following a state acquittal based on the same underlying conduct warranted a downward departure because it significantly burdened the defendants). Although the Supreme Court noted that a downward departure for successive prosecutions "could be incongruous with the dual responsibilities of citizenship in our federal system in some instances," the Court nevertheless affirmed the district court's downward departure for defendants' successive state and federal prosecutions. Id. The Court explained that the "toll [that the prior state trial] took is not beyond the cognizance of [a] [d]istrict [c]ourt." Id. Koon also suggests that downwardly departing because of the special burdens associated with a defendant's involvement in two separate trials is a matter separate from adjusting the defendant's sentence to reflect time served, which, in Cantrell's case, the district court also effectuated through a downward departure.
 
 
 19
 In light of the Supreme Court's decision in Koon, we vacate Cantrell's sentence and remand for resentencing. On remand, the district court may exercise its discretion to grant or deny a downward departure on the basis of Cantrell's successive trials.
 
 III.
 
 20
 We affirm the district court's denial of Cantrell's proposed jury instructions. We vacate Cantrell's sentence and remand for resentencing in light of the Supreme Court's decision in Koon.
 
 
 21
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 
 
 
 *
 The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Section 113(c) has been recodified at 18 U.S.C. § 113(a)(3)
 
 
 [2]
 Section 113(d) currently is codified at 18 U.S.C. § 113(a)(4)
 
 
 [3]
 The common-law meaning of assault applies to § 113. Dupree, 544 F.2d at 1051-52. At common-law, assault was an attempt to commit a battery or an act, which when accompanied with an apparent present ability, places another in reasonable apprehension of immediate bodily harm. Id. at 1052. Although proof of a battery will support a conviction for assault with a dangerous weapon, the fact that a battery is committed does not result in a merger of the battery with the assault. Id
 
 
 [4]
 At the sentencing hearing, Cantrell also contended that his case constituted an exception to the Guidelines' general prohibition against considering race in sentencing determinations, U.S.S.G. § 5H1.10 (race is "not relevant in the determination of a sentence"), because his Native American race alone permitted the dual prosecution. Cantrell's racial arguments lack merit. The Guidelines clearly prohibit considering race as a basis for departure, see U.S.S.G. § 5H1.10, and race is not merely a "disfavored" factor that a district court might consider in extenuating circumstances. See Koon, 64 U.S.L.W. at 4515. Cantrell's argument also lacks merit because non-Native Americans are subject to dual prosecution in both the state and federal systems