UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5819

MICHAEL KEITH MORROW,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Beaufort.
Solomon Blatt, Jr., Senior District Judge.
(CR-95-211)

Submitted: September 30, 1996

Decided: October 22, 1996

Before MURNAGHAN and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael P. O'Connell, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant. Margaret B. Seymour, United States
Attorney, Ben A. Hagood, Jr., Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Morrow appeals from a district court judgment order entered pursuant to a jury verdict finding him guilty of forcibly assaulting a correctional officer in violation of 18 U.S.C. § 111 (1994). Morrow's sole contention on appeal is that the district court erred by rejecting his request for an instruction on the lesser included offense of simple assault. We disagree.

Morrow was an inmate at the Federal Correctional Institution at Estill, South Carolina, at the time of the assault. The assault took place in the office of a case worker at the institution. Only the case worker, the victim, and Morrow were present in the room, and the door was shut. Morrow did not testify, and the case worker and the victim both testified that Morrow became angry during their conversation with him, punched the victim on the right side of his face with a closed fist, and then lunged at the victim and struggled with him until he was subdued by several employees.

For a defendant to be entitled to an instruction regarding a lesser included offense, "the proof on the element that differentiates the two offenses must be sufficiently in dispute to allow a jury consistently to find the defendant innocent of the greater and guilty of the lesser offense." United States v. Baker, 985 F.2d 1248, 1258-59 (4th Cir. 1993). Morrow first contends that even if the jury fully believed the testimony offered, it could have found him guilty of mere simple assault, but not forcible assault. The statute does not define either "simple assault" or "forcible assault," and Morrow offers no theory regarding the proper definition of the latter term, but agrees with the definition of simple assault set forth by the Ninth Circuit in United States v. Dupree, 544 F.2d 1050 (9th Cir. 1976). In that case, the court stated that simple assault is

2

committed by either a willful attempt to inflict injury upon the person of another, or by a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.

Id. at 1051.

While there appears to be no authority which delineates the differences between simple and forcible assault under section 111, we note that forcible assault clearly requires that the assault be accompanied by the use of some force, see United States v. Schrader, 10 F.3d 1345, 1347-48 (8th Cir. 1993), while the use of force is unnecessary to the commission of simple assault as defined above. While it cannot be gainsaid that an assault involving the use of force by virtue of physically striking the victim could constitute either a simple or a forcible assault, the question is whether Morrow is correct in his assertion that such conduct could constitute simple assault but not forcible assault. Morrow relies on two cases to support his position on this point.

The first, United States v. Bey, 667 F.2d 7 (5th Cir. 1982), involved defendant prisoners who were charged with assault with a dangerous weapon, in violation of section 111, based on evidence that they struck a prison guard with broken mop handles during a prison uprising. At the time, section 111 specified only the crimes of "forcible assault" and "forcible assault with a dangerous weapon." The term "simple assault," and the differing penalty for its commission, was not added to the statute until 1994. See Pub. L. No. 103-322, § 320101(a)(1), 108 Stat. 2108. Because there was evidence on which the jury could have reasonably concluded that no mop handles were used, and because the jury could have reasonably found that mop handles were not "dangerous weapons," the appellate court found that the trial court properly instructed the jury regarding the lesser included offense of simple assault. Id. at 11. Because, however, the statute did not contain the term "simple assault" at the time of the court's decision, but did contain the term "forcible assault," it is clear that the court used the terms synonymously, and that it therefore viewed a simple assault to constitute a forcible assault under the statute.

Morrow also relies on United States v. Johnson , 637 F.2d 1224 (9th Cir. 1980), which involved a defendant who allegedly struck his vic-

3

tims with the blunt end and handle of a long-handled ax and was charged with assault resulting in serious bodily injury under 18 U.S.C. § 113 (1994). Based on factual disputes regarding whether any serious bodily injury occurred, whether the defendant actually struck with the ax or his fist, and whether his blows actually caused any injury, the court held that the defendant was entitled to an instruction for several lesser included offenses, including the lesser offense of simple assault. Although the court found that the jury could find simple assault where the evidence showed that the defendant actually struck his victims, because section 113 did not contain the term "forcible assault," the court did not have to determine whether the defendant's conduct would permit a conviction for simple assault but not for forcible assault. As such, Morrow's reliance on Johnson is misplaced.

Morrow also argues that he was entitled to the lesser offense instruction because it was possible for the jury to reconstruct the testimonial evidence in this case in such a way as to conclude that he merely lunged at his victim, and struggled with him, but did not punch or strike him. His argument is based on the testimony of the physician's assistant who examined the victim shortly after the assault. His report noted that the victim stated he had been punched in the face, but did not diagnose any facial injury; only redness on the victim's neck.

We note, first, that the assault Morrow asserts the jury could have found would still involve the use of physical force and contact, and therefore still would constitute forcible assault under section 111. See Schrader, 10 F.3d at 1347-48. In any event, we do not think the jury could reasonably have found an assault involving no punching or striking based on the evidence before it. Morrow did not testify, and the only other two people who were present during the assault corroborated each other's testimony that Morrow punched the victim and lunged at him. The testimony of the physician's assistant was not inconsistent with their testimony, for he noted that the victim stated that he had been punched in the face, and common experience informs that evidence of a blow to the face may not necessarily appear immediately or even at all.

Accordingly, the judgment order of the district court is affirmed. We dispense with oral argument because the facts and legal conten-

4

tions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED