NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW HARRY DEGROOT; TERESA DEGROOT, | No. 17-56674 |
| Plaintiffs-Appellants, | D.C. No. 3:15-cv-02145-H-NLS |
| v. | |
| UNITED STATES OF AMERICA; DOES, 1-20, inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted March 6, 2019
Pasadena, California

Before: WARDLAW and BENNETT, Circuit Judges, and SESSIONS,** District Judge.

Andrew and Teresa DeGroot appeal the district court's grant of summary

judgment on their claims of false arrest, false imprisonment and negligence.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Because the district court erred in finding actual probable cause to arrest, and because genuine issues of material fact preclude a presumption of probable cause, we reverse in part and remand for further proceedings.

On March 27, 2013, Mr. DeGroot stopped his tractor-trailer truck at a Border Patrol checkpoint, displayed his middle finger in the direction of Border Patrol agents, and filmed the agents with his cell phone. According to Mr. DeGroot's testimony, Border Patrol Agent Enrique Penagos responded by climbing onto the side of the truck, reaching inside and grabbing the phone. Mr. DeGroot reacted by pulling the phone out of Agent Penagos's hand. Agents then forcibly removed Mr. DeGroot from the truck and placed him under arrest for assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer in violation of 18 U.S.C. § 111(a)(1). The agents also seized Mr. DeGroot's phone, and when it was returned to him there was no video of the events preceding his arrest stored therein. *See United States v. DeGroot*, No. 3:13-cr-1769 (S.D. Cal. 2014) (ECF No. 66 at 17, 140–44, 151–54, 159–61, 187–88).

In the ensuing criminal proceeding, a grand jury concluded that Mr. DeGroot had punched the Border Patrol agent in the face, and consequently issued an indictment for violation of § 111(a)(1). The grand jury's finding was consistent with Agent Penagos's testimony during Mr. DeGroot's criminal trial that DeGroot

17-56674

hit him with a closed fist "on the mouth." The trial jury, however, voted to acquit Mr. DeGroot. *Id.* (ECF No. 62).

In the instant case, the district court, accepting Mr. DeGroot's account that he "yanked" the phone out of Agent Penagos's hand, held that such resistance constituted probable cause to arrest under § 111(a)(1). Accordingly, the court held that the DeGroots' claims of false arrest and imprisonment and negligence were barred as a matter of law. On appeal, the DeGroots claim that pulling the phone away from Agent Penagos did not give rise to probable cause. They also contend that genuine issues of material fact precluded summary judgment, as Agent Penagos denied ever reaching into the cab or grabbing the phone.

The district court was correct to consider only Mr. DeGroot's testimony at summary judgment. The court had two versions of events from which to choose: (1) Mr. DeGroot's testimony that he pulled the phone away from Agent Penagos, and (2) Agent Penagos's testimony that although he did not reach into the truck, DeGroot punched him in the face. Given those two choices, and in keeping with the summary judgment standard, the district court properly accepted Mr. DeGroot's testimony as most favorable to the non-moving party. *See Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).

The district court erred, however, in finding probable cause. According to Mr. DeGroot's account, the sole act of resistance consisted of pulling the cell

phone away from Agent Penagos. We have held that a violation of 18 U.S.C. § 111(a) requires more than mere resistance, and instead requires an assault. *See United States v. Chapman*, 528 F.3d 1215, 1218–19 (9th Cir. 2008) (holding that a defendant who stood still, tensed his body, and invited officers to "hit me again" had not committed assault and therefore could not be convicted under 18 U.S.C. § 111(a)). To commit an assault, Mr. DeGroot must have engaged in "either a willful attempt to inflict injury upon the person of another, or . . . a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm." *United States v. Dupree*, 544 F.2d 1050, 1051 (9th Cir. 1976). Reasonable jurors, drawing all inferences in favor of the DeGroots, could conclude that pulling the phone away from Agent Penagos was not an attempt to inflict injury, and similarly would not have caused Agent Penagos to reasonably fear immediate harm. *See Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) ("Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor."). We therefore conclude that the district court erred in finding Mr. DeGroot's arrest was supported by probable cause.

Lacking actual probable cause, the government relies upon a presumption of probable cause created by the grand jury indictment. *See Hart v. Parks*, 450 F.3d

4

1059, 1070 (9th Cir. 2006) (noting that probable cause for an arrest may be satisfied by a grand jury indictment). The indictment constitutes *prima facie* evidence of probable cause, and may be rebutted. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004). "Among the ways that a plaintiff can rebut a *prima facie* finding of probable cause is by showing that the criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith." *Id.* (citing *Williams v. Hartford Ins. Co.*, 195 Cal. Rptr. 448, 452 (Ct. App. 1983)).

The DeGroots' briefing on appeal does not address the presumption issue directly. The bulk of their opening brief, however, is focused on the evidence underlying probable cause and implies Mr. DeGroot's criminal indictment is invalid. Moreover, the law on the presumption of probable cause is plainly set forth in the government's brief, thus opening the issue to our review. *See In re Riverside-Linden Inv. Co.*, 945 F.2d 320, 324 (9th Cir. 1991) (stating that review of an issue raised for the first time in the appellee's brief is discretionary).

In *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992), we held that a court may consider an argument not raised in the opening brief in any of three situations: (1) there is "good cause shown" or the "failure to do so would result in manifest injustice"; (2) the issue is raised in the appellee's brief; or (3) failure to properly raise the issue does not prejudice the defense of the opposing party. In

this case, all three exceptions apply. First, given the clear absence of actual probable cause under *Chapman*, it would be unfair and unjust to blindly endorse a presumption of probable cause without considering its merits. Second, as noted above, the presumption was raised by the government in its brief. Third, the government has had ample opportunity to address the issue, and will not be prejudiced by our consideration here.

The dissent submits that the lack of actual probable cause is *not* clear because there are factual disputes about Mr. DeGroot's interactions with Agent Penagos. The dissent's position mistakenly ignores that this case is before us at summary judgment, and that disputed facts must therefore be viewed in the light most favorable to the DeGroots. Viewing the facts according to the summary judgment standard, and given that *Chapman* requires an assault, reasonable jurors could clearly find that Mr. DeGroot was arrested without actual probable cause.

The dissent also contends that we "simply need[] to apply" the probable cause presumption. Dissent at 5. That presumption, however, brings with it an opportunity for rebuttal. The DeGroots presented rebuttal arguments below, noting that the indictment itself is not conclusive and that Mr. DeGroot has disputed the truth of "the reports that were used to indict him." Their summary judgment briefing also cited "the destruction of the cell phone video that was in the sole custody of the defendants and has never been adequately explained." The district

court made no mention of any such rebuttal evidence, concluding only that a grand jury indictment is *prima facie* evidence of probable cause. Given the district court's apparent failure to consider the matter of rebuttal, we will review that evidence here.

The primary rebuttal evidence in this case is Mr. DeGroot's own testimony. *See Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (noting that a party's own testimony "must be credited" at summary judgment "unless it is legally defective"). While the grand jury found that Mr. DeGroot had assaulted Agent Penagos, the summary judgment record here, viewed in the light most favorable to the non-moving party, presents no factual basis to sustain the *prima facie* presumption of probable cause. At oral argument, the government urged us to require more than a plaintiff's own testimony to overcome the presumption. Conceding that a civil rights plaintiff is unlikely to extract admissions of perjury, counsel acknowledged that inconsistencies in law enforcement testimony could be sufficient. Mr. DeGroot's criminal defense attorney identified precisely such inconsistencies.

In the criminal trial, defense counsel focused on the disappearance of Mr. DeGroot's cellphone video of the events preceding his arrest. Specifically, counsel identified inconsistent law enforcement testimony regarding the phone's whereabouts during an approximately 90–minute gap in the chain of custody

7

documentation. *See United States v. DeGroot*, No. 3:13-cr-1769 (S.D. Cal. 2014) (ECF No. 64 at 41–43). The phone was later searched and no video was found. *Id.* (ECF No. 66 at 187–88). Given this evidence, the trial judge provided a spoliation instruction, allowing the jury to infer that the missing video might have been helpful to the defense. *Id.* (ECF No. 64 at 11–12). As noted, the jury ultimately acquitted Mr. DeGroot.

Here, the DeGroots have again argued that the video was destroyed by law enforcement. They also asked the district court to take judicial notice of the proceedings in the criminal case, and specifically the indictment and trial transcripts.[1] We may take judicial notice of those same transcripts. *See* Fed. R. Evid. 201; *United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

In taking judicial notice of the criminal trial transcripts, we do not accept the accuracy or merit of any argument presented by Mr. DeGroot's defense counsel. Nor do we give weight to the jury's decision to acquit. *See Poppell v. City of San Diego*, 149 F.3d 951, 963 (9th Cir. 1998). We instead note the existence of facts

---

[1] The DeGroots also attached to their summary judgment filings certain excerpts from the trial transcript for the district court's convenience. In doing so, they did not express any desire to limit their request for judicial notice to those few pages of the transcript.

17-56674

that may be presented to a jury to rebut the presumption of probable cause.

"Bald assertions that genuine issues of material fact exist are insufficient" to survive summary judgment. *Galen v. City of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007). This case presents more than mere bald assertions. Mr. DeGroot's sworn testimony is in direct conflict with the grand jury's conclusion that he struck an officer. His testimony may be bolstered by evidence of law enforcement misconduct, and in particular the disappearance of a cellphone video, as suggested in the criminal trial. We therefore find that there are disputed issues of material fact with respect to the presumption of probable cause, and that summary judgment was granted in error.

The ruling of the district court is reversed with respect to the DeGroots' claims of false arrest, false imprisonment and negligence, and remanded for further proceedings. Because the district court dismissed the DeGroots' remaining claims on grounds aside from probable cause, and those findings have not been challenged on appeal, the district court's summary judgment ruling is otherwise affirmed.

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

*DeGroot v. United States*, No. 17-56674

BENNETT, Circuit Judge, dissenting:

I respectfully dissent from the majority's decision to reverse the district court on an issue that was never raised by the appellant before this court. Moreover, the summary judgment record before the district court compels affirmance as to the issue reached by the majority. I would thus affirm.

A grand jury indicted Andrew DeGroot for intentionally and forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with a Border Control agent, in violation of 18 U.S.C. § 111(a)(1). The Government alleged that, as he passed through a Border Patrol checkpoint in Southern California, Mr. DeGroot made an obscene gesture at Border Patrol agents and recorded their reaction with his mobile phone. Agents stopped Mr. DeGroot's vehicle and ordered him to put his phone down, and a scuffle ensued. During the scuffle, Mr. DeGroot allegedly struck Border Patrol Agent Enrique Penagos.

After a jury acquitted him of the offense charged in the indictment, Mr. DeGroot and his wife (collectively the "DeGroots" or "Appellants") sued several Border Patrol agents (including Agent Penagos) and the United States for, as relevant here, false arrest and false imprisonment.[1] In moving for summary

---

[1] The district court dismissed all of the DeGroots' claims against the Border Patrol officers involved in the arrest, and the DeGroots do not challenge that order

1

judgment, the Government invoked the rule that probable cause is a complete defense to a false arrest claim, and a valid indictment creates a rebuttable presumption of probable cause. The district court granted summary judgment, holding that "probable cause is supported by the fact that a grand jury indicted DeGroot."

"[T]he extent of the United States' liability under the [Federal Tort Claims Act] is generally determined by reference to state law." *Molzof v. United States*, 502 U.S. 301, 305 (1992). "Under California tort law, a grand jury indictment creates a presumption in favor of the [false arrest] defendant that probable cause existed for the underlying prosecution." *Conrad v. United States*, 447 F.3d 760, 768 (9th Cir. 2006).

At the outset, the majority errs by even reaching the issue of whether Mr. DeGroot's indictment presumptively established probable cause. Despite the district court's express reliance on the indictment in reaching its decision on summary judgment, the DeGroots never raised this issue in their opening brief. The Government addressed it in its answering brief, but the DeGroots never filed a reply brief. Thus, at no point on appeal, except when asked at oral argument, have the DeGroots *ever* challenged the district court's reliance on Mr. DeGroot's

---

on appeal. Only the Federal Tort Claims Act claims against the United States are at issue here.

2

indictment as a basis for probable cause for his arrest. *See* Video of Oral Argument at 6:01, *DeGroot v. United States*, No. 17-56674, http://y2u.be/5eeHX60m2SU.

"Our circuit has repeatedly admonished that we cannot 'manufacture arguments for an appellant' and therefore we will not consider any claims that were not actually argued in appellant's opening brief." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994)). Yet by granting relief on an issue that the DeGroots have never raised, "manufactur[ing] arguments for an appellant" is precisely what the majority has done here.

Relying on *United States v. Ullah*, 976 F.2d 509 (9th Cir. 1992), the majority asserts that addressing the indictment issue is nevertheless appropriate under any one of three exceptions to the normal rule that a party must raise an issue before we will consider it. Maj. at 5–6. But *Ullah* is inapposite because in that case, the appellant did eventually raise the relevant issue in his reply brief. 976 F.2d at 514.[2] Even though the Government addressed this issue in its answering brief, the DeGroots *did not file a reply brief*. They showed no interest in arguing this issue before this court, and we should not afford them substantive relief in the

---

[2] In addition, other defendants in the criminal case did raise the issue in the same case, and the court found that the error (conviction on a non-unanimous verdict) was plain, such that the conviction would result in a miscarriage of justice and needed to be reversed in any event. *Ullah*, 976 F.2d at 514–15.

3

face of their failure to do so. Again, this was one of the grounds on which the district court granted summary judgment, and Appellants' failure to address that dispositive determination on appeal has consequences.

Even if we were to apply *Ullah* to this case, though, a finding of waiver would still be appropriate. The DeGroots have not shown good cause for failing to brief this issue. *See Ullah*, 976 F.2d at 514. Indeed, they have not made any showing at all. Rather, they have been totally silent on this issue. There is no "unfairness," Maj. at 6, in deeming this issue waived when Appellants had multiple opportunities to address it and failed to do so. This is a civil case where Appellants seek tort damages and are represented by private counsel. And, this is an issue on which the Government sought and obtained summary judgment.

The majority states: "First, given the clear absence of actual probable cause under [*United States v.*] *Chapman*, [528 F.3d 1215 (9th Cir. 2008)], it would be unfair and unjust to blindly endorse a presumption of probable cause without considering its merits." Maj. at 6. This statement is incorrect for several reasons (not to mention the fact that Appellants never cited *Chapman* or its holding either before the district court or on appeal). There isn't a clear absence of probable cause—there are disputed issues of fact regarding probable cause. And Mr. DeGroot's testimony, which creates that dispute, is wholly insufficient (and essentially irrelevant) to rebut the presumption established by the indictment. And

4

the majority does not need to "blindly endorse" the presumption—it simply needs

to apply it, as it is part of the law applicable to the causes of action asserted by the

DeGroots. In order to affirm, the majority would only need to correctly state that

Appellants 1) failed to present evidence to the district court on a dispositive issue

and 2) failed to address on appeal this dispositive basis for the districts court's

grant of summary judgment.

The majority incorrectly asserts that the Government will not be prejudiced

by our decision here. First, of course, the Government is prejudiced by losing an

appeal it should have won given the arguments actually made by the DeGroots,

though this isn't the type of prejudice to which the majority refers. Moving to that

type of prejudice, by addressing this issue on our own, we deprive the Government

of the opportunity to meaningfully brief this issue or respond to the arguments that

we, the court, levy in favor of reversal.[3] As we have explained, "the unfairness of

[considering arguments not raised in an opening brief] is obvious. Opposing

counsel is denied the opportunity to point to the record to show that the new theory

lacks legal or factual support." *Sophanthavong v. Palmateer*, 378 F.3d 589, 872

(9th Cir. 2004). The fact that the Government brought this issue to our attention as

---

[3] The dispositive part of the majority decision consists of citing pages of the criminal trial transcript that were never cited below or on appeal. The Government will see this argument for the very first time when it reads the majority's disposition.

5

an alternative basis for affirmance should not relieve the DeGroots of the obligation to raise and address the issue. And again, the DeGroots failed to raise it in their opening brief, and they did not file a reply brief. Nor have they sought relief from those failures.

Even if we had properly reached the merits of the indictment issue, I believe we should affirm. A grand jury indictment such as the one at issue here "establish[es] a rebuttable presumption of probable cause." *Conrad*, 447 F.3d at 768; *see also Hart v. Parks*, 450 F.3d 1059, 1070 (9th Cir. 2006) ("The district court properly concluded that probable cause for an arrest may be satisfied by an indictment returned by a grand jury. Normally, this alone would extinguish the inquiry into the false arrest claim, but here Hart also questions the validity of the indictment." (citation and internal quotation marks omitted)).

Under California law, a plaintiff may rebut the presumption "by proof that the indictment was based on false or fraudulent testimony." *Williams v. Hartford Ins. Co.*, 195 Cal. Rptr. 448, 452 (Ct. App. 1983). In the district court, the DeGroots offered two bases for the argument that the indictment was invalid: (1) border patrol agents "gave materially false information and omissions in their reports and at trial" and (2) "the video and audio recording that was made on Mr. DeGroot's cell phone was erased by the agents who arrested him." Neither has support in evidence, and the district court properly relied on the unrebutted

6

presumption of probable cause to grant summary judgment in favor of the Government.

First, there was no evidence before the district court that any officer committed perjury before the grand jury. Before the district court, the DeGroots pointed to the fact that Mr. DeGroot's testimony was inconsistent with the trial testimony of the Border Patrol agents. This, according to the DeGroots, was a basis for the court to assume, for summary judgment purposes, that the agents procured the indictment with false statements.[4] But the presumption of probable cause would be nonexistent if it could be overcome merely by positing a different version of events. As other courts have held,

> where a plaintiff's only evidence to rebut the presumption of the indictment is his version of events, courts will find such evidence to be nothing more than mere conjecture and surmise that the plaintiff's indictment was procured as a result of conduct undertaken by the defendants in bad faith, which is insufficient to rebut the presumption of probable cause.

*Brandon v. City of New York*, 705 F. Supp. 2d 261, 273 (S.D.N.Y. 2010) (internal quotation marks omitted); *see also Savino v. City of New York*, 331 F.3d 63, 73 (2d Cir. 2003) (holding that, on summary judgment, the burden rests on the plaintiff trying to overcome the presumption of probable cause, and a plaintiff cannot do so by offering mere conjecture and surmise). Evidence that Mr. DeGroot's testimony

---

[4] The DeGroots' focus below on the agents' trial testimony misses the mark. The relevant question is whether *the indictment* was procured improperly.

7

differed from that of the Border Patrol agents is simply insufficient to overcome the presumption.[5]

With respect to the allegedly missing video, the DeGroots utterly failed to create a genuine issue of material fact sufficient to survive summary judgment on this point. Their summary judgment papers state that "[t]he video and audio recording that was made on Mr. DeGroot's cell phone was erased by the agents who arrested him." The memorandum of law then cites page fifty-three of the transcript and Mr. DeGroot's response to the Government's Interrogatory Number 9, which Mr. DeGroot says "is attached to the defendant's motion as Exhibit A."

The transcript page to which the DeGroots cite does not support the proposition for which it is cited. The cited lines of the transcript contain the question: "and the day you were arrested by the border patrol . . . they took the phone that you were filming with, right?" But it does not contain DeGroot's answer to the question, which presumably is on the next page of the transcript, which was not put in the summary judgment record. Nor does it contain any

---

[5] The DeGroots offered no evidence as to the actual grand jury testimony. Mr. DeGroot presumably had the grand jury transcripts as part of his Jencks Act, 18 U.S.C. § 3500, materials. There is nothing in the district court record or in the record of the criminal case suggesting he tried to obtain permission to use the transcripts in the civil case. *See In re Grand Jury Proceedings*, 62 F.3d 1175, 1179 (9th Cir. 1995) (discussing circumstances under which a party to another judicial proceeding may obtain disclosure of grand jury materials under Federal Rule of Criminal Procedure 6(e)).

discussion about what happened to the cell phone after it was seized (and that's assuming the answer to the question whether it was taken was "yes"). Nor does it even contain any evidence that at any time after his arrest Mr. DeGroot even looked to see if there was a video recording on the cell phone.

Likewise, while the Government does attach *some* of Mr. DeGroot's interrogatory answers as an exhibit to its motion for summary judgment, it does not include Interrogatory Number 9, nor Mr. DeGroot's answer, which is what the DeGroots cite as evidence in support of their assertion that the agents deleted the video. The DeGroots also do not attach the relevant interrogatories to support their opposition to the motion for summary judgment. In short, there is nothing in the summary judgment record to support the unsworn statement in a memorandum that the Government deleted Mr. DeGroot's cell phone video.

The majority brushes aside the DeGroots' failure of proof by noting that the DeGroots asked the district court to "take judicial notice of the proceedings in the criminal case." Maj. at 7. But what the DeGroots actually requested was as follows:

> Under Federal Rule of Evidence 201, Plaintiffs Mr. & Mrs. DeGroot request that the Court take judicial notice of the proceedings in the criminal case against Mr. DeGroot: Case no. 13cr1769-L, specifically the trial transcripts

and the indictment. The indictment and excerpts from the trial transcripts are lodged as exhibits in this matter.[6]

Importantly, the DeGroots never lodged with the district court, nor even cited to the district court (for any purpose), any of the pages of the criminal trial transcript the majority has located on PACER, scoured, and cited in its disposition.[7] Thus, the records of the criminal proceedings that the majority identifies to support its holding were never part of the district court record. More importantly, neither are they part of the record on appeal (nor even once cited by the DeGroots on appeal), and we may not consider them.[8]

"On appeal of summary judgment, courts generally consider only the record that was before the district court." *Hornish v. King Cnty.*, 899 F.3d 680, 702 (9th Cir. 2018). We have described this limitation as "fundamental," *Lowry v.*

---

[6] The DeGroots attached and lodged only six pages of the trial transcript, none of which is germane to the issues discussed by the majority.

[7] It was easy enough for the majority to locate this information through a simple PACER search of the records of Mr. DeGroot's criminal prosecution. The DeGroots never indicate why they could not have likewise done so, though that fact is not surprising given that this issue isn't discussed at all in the DeGroots' briefing.

[8] The majority asserts that the DeGroots "did not express any desire to limit their request for judicial notice to those few pages of the transcript" that they attached to their request for judicial notice in the district court. Maj. at 7–8 n.1. Though I read the DeGroots' request differently, the DeGroots prepared the Excerpts of Record in this appeal, and those excerpts include only those portions of the criminal trial record that the DeGroots provided to the district court. Looking beyond those documents to the remainder of the criminal trial record is simply an inappropriate expansion of the record on appeal.

10

*Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003), and recognize only three exceptions: "(1) to correct inadvertent omissions from the record, (2) to take judicial notice, and (3) to exercise inherent authority in extraordinary cases." *Hornish*, 899 F.3d at 702.

The third exception is plainly inapplicable, which leaves the first and second exceptions: to correct inadvertent omissions from the record and take judicial notice.

Our authority to correct record omissions derives from Federal Rule of Appellate Procedure 10(e). *Lowry*, 329 F.3d at 1024. But Rule 10(e) permits modification of the record only "if anything material to either party is omitted from or misstated in the record by error or accident." Here, the record is not inaccurate; it is exactly what the parties filed in the district court. "Federal Rule of Appellate [Procedure] 10(e), which governs requests to modify the record on appeal, does not permit the appellant to 'add or enlarge the record on appeal to include material that was not before the district court.'" *Morrison v. Hall*, 261 F.3d 896, 900 n.4 (9th Cir. 2001) (quoting Dorothy W. Nelson, et al., *Ninth Circuit Civil Appellate Practice*, para. 4:16 at 4–3 (2001)). Using the DeGroots' request for judicial notice (which attached only small portions of the trial record that are irrelevant to disposition of this issue) to import the entirety of the criminal trial record into the district court's summary judgment record here plainly violates Rule 10(e).

As to judicial notice, to start, we have not been asked to take judicial notice of anything. Even when the panel suggested to the DeGroots' counsel at oral argument that he ask us to take judicial notice of the criminal trial proceedings, (Video of Oral Argument at 10:40), he did not do so. But, even putting that to the side, while we may take judicial notice of public records and the filing of public documents, sua sponte taking judicial notice of the *contents* of the criminal trial transcripts for purposes of supplementing the actual summary judgment evidentiary record would run afoul of the rule that "a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983). I do not believe that (sua sponte) taking judicial notice to correct Appellants' inadequate evidentiary showing in the district court is appropriate.

Finally, the majority disposition omits any reference to error committed by the district court with respect to the probable cause presumption created by the indictment. The DeGroots introduced no admissible evidence beyond that Mr. DeGroot's version of events was different than the version that must have been presented to the grand jury. The only evidence identified by the majority that would suffice to get past the presumption is what it gleaned from searching

12

through the uncited criminal trial transcripts. But again, those transcripts were neither presented to the district court by Appellants nor even specifically referenced by page to the district court. So the district court's reversible error was apparently in not sua sponte obtaining and then scouring the criminal trial transcripts in search of evidence that the DeGroots did not present. No case establishes this as error, much less reversible error. *See Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) ("It is not our task, nor that of the district court, to scour the record in search of a genuine issue of triable fact. We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." (internal alterations omitted)).

Granting relief to the DeGroots on this issue involves us both (1) reaching an issue that the DeGroots clearly waived and (2) improperly supplementing the summary judgment record by obtaining and then considering evidence that was not cited to, presented to, nor before the district court nor part of the record on appeal. I respectfully dissent.