**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DYLAN J. DOWNEY,

        Plaintiff-Appellant,

v.

SNOHOMISH COUNTY SHERIFF'S
OFFICE; et al.,

        Defendants-Appellees.

No.   18-35686

D.C. No. 2:17-cv-01024-JCC

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted April 6, 2022
Pasadena, California

Before: SCHROEDER and GRABER, Circuit Judges, and McNAMEE,** District
Judge.

      Plaintiff Dylan Downey, a pretrial detainee who is no longer in the custody

of Defendant Snohomish County Sheriff's Office ("County"), appeals the

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The Honorable Stephen M. McNamee, United States District Judge
for the District of Arizona, sitting by designation.

summary judgment entered in favor of Defendants. We affirm in part and reverse and remand in part.

1. The district court did not abuse its discretion, <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838 (9th Cir. 2014), by declining to appoint counsel. The court permissibly concluded that Plaintiff was able to articulate his claims well. <u>See</u> <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986) (describing this factor).

2. The district court properly granted summary judgment for all Defendants on Plaintiff's claim under 42 U.S.C. § 1983. We review the grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party. <u>King v. County of Los Angeles</u>, 885 F.3d 548, 556 (9th Cir. 2018). There is no genuine issue of material fact concerning the required factor of demonstrating that Defendants' actions caused an actual injury. <u>See</u> <u>Gordon v. County of Orange</u>, 888 F.3d 1118, 1125 (9th Cir. 2018) (describing elements in a § 1983 claim of inadequate medical care). Unlike the plaintiff in <u>Frost v. Agnos</u>, 152 F.3d 1124 (9th Cir. 1998), Plaintiff here did not suffer an actual injury.

3. The district court properly granted summary judgment for all Defendants on Plaintiff's claim for retaliation under the Americans With Disabilities Act ("ADA"). We apply the burden-shifting analysis described in <u>T.B. ex rel.</u>

2

Brenneise v. San Diego Unified Sch. Dist., 806 F.3d 451, 472–73 (9th Cir. 2015). Plaintiff failed to make out a prima facie case of retaliation because there is no evidence that his complaints concerning inadequate facilities caused the jail to deny him an ADA-compliant shower. See id. at 473.

4. With respect to Plaintiff's discrimination claims under the ADA and the Rehabilitation Act ("RA"), we reverse and remand because there are genuine issues of material fact. The standards under those two statutes are essentially the same. A.G. v. Paradise Valley Unified Sch. Dist. No. 69, 815 F.3d 1195, 1203–04 (9th Cir. 2016). Plaintiff asserts, for example, that he complained to staff before any of the documented complaints. He also states that he tried several times to notify staff that he required an ADA-compliant shower and that one staff member responded by telling him to "deal with it or take a birdbath." Plaintiff's statements are under oath and contain facts that would be admissible in evidence. See Manley v. Rowley, 847 F.3d 705, 711 (9th Cir. 2017). Taking all of Plaintiff's statements as true, he told jail staff during both his first and second stays in the old jail that he needed an ADA-compliant shower and those complaints were ridiculed or ignored. That alleged conduct rises above negligence.

For both ADA claims and RA claims, the public entity is vicariously liable for the acts of its employees. Duvall v. County of Kitsap, 260 F.3d 1124, 1141 (9th

3

Cir. 2001). For that reason, the County is the only remaining defendant.

**AFFIRMED IN PART and REVERSED AND REMANDED IN PART.**

**The parties shall bear their own costs on appeal.**