**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-582 |
| Plaintiff - Appellee, | D.C. No.<br>8:19-cr-00195-ODW-3 |
| v. | |
| SANDY MAI TRANG NGUYEN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted July 8, 2024
Pasadena, California

Before: IKUTA and NGUYEN, Circuit Judges, and LIBURDI, District Judge.[**]

Sandy Mai Trang Nguyen appeals her conviction of twenty-one counts of

health care fraud in violation of 18 U.S.C. § 1347(a)(2) and one count of obstructing

a federal audit in violation of 18 U.S.C. § 1516(a). We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

28 U.S.C. § 1291. We affirm the judgment of conviction, vacate the sentence, and remand for resentencing.

## *Motion to Dismiss the Indictment*

1.     Nguyen argues that the district court erred by denying her motion to dismiss the indictment for violation of the Speedy Trial Act. We review the denial of the motion to dismiss the indictment de novo and the district court's findings of fact, including an ends-of-justice exclusion, for clear error. *United States v. Henry*, 984 F.3d 1343, 1349-50 (9th Cir. 2021).

The district court properly denied Nguyen's motion. It found that the stipulated facts justified an ends-of-justice exclusion under 18 U.S.C. § 3161(h)(7). *See United States v. Ramirez-Cortez*, 213 F.3d 1149, 1157 n.9 (9th Cir. 2000) ("District courts may fulfill their Speedy Trial Act responsibilities by adopting stipulated factual findings which establish valid bases for Speedy Trial Act continuances."). The stipulated factual findings therein were as detailed as those incorporated by the district court in *Henry*, where we upheld an ends-of-justice exclusion based on "detailed stipulated facts" providing that counsel needed additional time "to confer with [their client], conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions . . . , and prepare for trial in the event that a pretrial resolution [did] not occur." 984 F.3d at 1352-53. The factual stipulations adopted by

the district court here similarly specified that "each defense counsel requires additional time to confer with their respective clients, complete an independent investigation of the case, complete additional legal research including for potential pretrial motions, and prepare for trial in the event that a pretrial resolution does not occur." They also cited legitimate complications caused by the COVID-19 pandemic. *See United States v. Olsen*, 21 F.4th 1036, 1047 (9th Cir. 2022) (per curiam).

Even though Nguyen objected to the continuance, the resultant delay was reasonable under the circumstances. *See* 18 U.S.C. § 3161(h)(6). In evaluating reasonableness, we consider "whether the delay was necessary to achieve its purpose" and whether there was any actual prejudice. *United States v. Hall*, 181 F.3d 1057, 1062 (9th Cir. 1999). The 378-day delay at issue here was necessary due to the complexity of the case, the need for extensive and labor-intensive discovery, and the complications presented by the pandemic. *See Henry*, 984 F.3d at 1353-54 (upholding a 315-day delay as reasonable due, in part, to the complexity of the case even though the defendant was in pretrial detention). And Nguyen suffered minimal, if any, actual prejudice, as she was free on bond during the delay and did not consistently assert her speedy trial rights. Nor does Andre Ezidore's plea agreement demonstrate prejudice, as there is no evidence that the primary purpose of the continuance was to secure this co-defendant's testimony against Nguyen. *See United*

*States v. Lewis*, 611 F.3d 1172, 1178 (9th Cir. 2010). Thus, the motion was correctly denied.

### *Jury Instructions*

2. Nguyen challenges the district court's adoption of Instruction 29. We review whether jury instructions accurately state the law de novo. *Williams v. Gaye*, 895 F.3d 1106, 1123 (9th Cir. 2018).

Instruction 29 correctly defined the term "pharmacist-in-charge" as codified in Section 4036.5 of the California Business & Professions Code.

California common law, however, distinguishes between the "practice" of pharmacy and the "operations" of a pharmacy. *See, e.g.*, *Murphy v. E.R. Squibb & Sons, Inc.*, 710 P.2d 247, 251-53 (Cal. 1985). Nguyen argues that, by not making this distinction, this instruction was misleading and inappropriately allowed the jury to find her vicariously liable for her codefendants' conduct. No prejudicial error occurred. *See Dang v. Cross*, 422 F.3d 800, 805 (9th Cir. 2005). The jury instructions as a whole show that Nguyen could be found guilty of Counts 1 through 21 only if the jury found the health care fraud elements outlined in Instruction 22 were met. Similarly, the jury could find Nguyen guilty of Count 49 only if it found her conduct met the obstruction of a federal audit elements in Instruction 24. Thus, the jury instructions did not improperly permit the jury to find Nguyen vicariously guilty for her codefendants' conduct. *See id*.

3.      Nguyen also argues that Instruction 30, explaining a pharmacist's duties under California law, violated due process because the jury could find she was guilty of health care fraud based on noncompliance with these duties. We review de novo whether a permissive inference violates due process because "the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury." *United States v. Warren*, 25 F.3d 890, 897 (9th Cir. 1994).

Instruction 30 did not allow the jury to make an improper permissive inference. First, the instruction did not permit the jurors to equate a violation of the professional standards with guilt of health care fraud. In fact, Instruction 30 provided the opposite: "proof that the defendant violated one or more of her duties . . . *does not necessarily* mean that the defendant is guilty." Furthermore, Nguyen could be found guilty only if the jury found the health care fraud elements in Instruction 22 were met. *See United States v. Feingold*, 454 F.3d 1001, 1011-12 (9th Cir. 2006) (finding that it is within the district court's discretion to define a benchmark in terms of the "standard[s] of medical practice generally recognized and accepted in the country" when the instructions as a whole "articulated the standard for criminal liability"). Lastly, any error in instructing on the duty to report a change in control of the pharmacy was harmless. At closing, the government argued that Nguyen participated in concealing the change in control of Irvine Wellness Pharmacy ("IWP") in furtherance of the fraudulent scheme. The government explicitly stated

"this is not the illegal conduct here. This is one step. Whether you believe [Ezidore] was a new owner or not, this is one step in the scheme." Thus, Instruction 30 was not an improper permissible inference.

### *Evidentiary Issues*

4.    The district court abused its discretion when it qualified the government's pharmacy expert, Paul Albicker, over Nguyen's objection and without making explicit reliability findings on the record. *See United States v. Holguin*, 51 F.4th 841, 853-54 (9th Cir. 2022). This error was harmless. The record shows that Albicker's testimony was reliable because he "has a reliable basis in the knowledge and experience of the relevant discipline." *United States v. Sandoval-Mendoza*, 472 F.3d 645, 654 (9th Cir. 2006) (cleaned up); *see* Fed. R. Evid. 702. Albicker earned a Doctor of Pharmacy degree, had eleven years of experience in compounding pharmacies, and reviewed the prescriptions and materials before presenting his opinions. His experience and knowledge in compounding pharmacy "has a valid connection" to inquiries about the practice of compounding pharmacies, duties of compounding pharmacists, relevant laws, regulations, and rules governing the practice of pharmacy, and red flags when reviewing compounding prescriptions. *Sandoval-Mendoza*, 472 F.3d at 654 (cleaned up). Albicker's testimony is therefore reliable and admissible.

5. The district court abused its discretion by not qualifying Nguyen's rebuttal pharmacy expert, Neviah Nguyen ("Neviah"). Neviah holds a Doctor of Pharmacy degree and had been practicing as a pharmacist since graduating. She worked full-time for the previous seven years at a hospital pharmacy. During her career, she personally verified and supervised at least 1,000 compounded prescriptions. Nothing in the record suggests that other pharmacists would not accept her testimony as useful or reliable. *See id* at 654-55. The error was harmless because, on cross-examination, the government undermined Neviah's credibility, leading her to second-guess her opinions in front of the jury. Additionally, the district court provided the jury with a special instruction regarding Neviah's testimony—essentially allowing the jury to consider her testimony with the same regard as Albicker's expert opinion.

6. The district court did not err when it precluded, as irrelevant, impeachment evidence of a California Board of Pharmacy administrative complaint that McGuff Compounding Pharmacy Services, Inc., Albicker's employer, was compounding unsterile medications. The administrative complaint did not name Albicker, nor was he a target, subject, or witness to the administrative matter. *See* Fed. R. Evid. 401; *United States v. Bailey*, 696 F.3d 794, 801 (9th Cir. 2012) ("[A] complaint is merely an accusation of conduct and not, of course, proof that the conduct alleged

occurred."). Finally, Albicker's testimony related to red flags in processing compounded prescriptions, not the protocols for compounding the drugs themselves.

7. Nguyen argues that the district court abused its discretion by admitting Exhibit 85, an email from Alan Hampton to Marcus Armstrong summarizing statements that could have been viewed as incriminating. The district court admitted the exhibit, over Nguyen's hearsay objection, as a coconspirator statement pursuant to Rule 801(d)(2)(E).

A coconspirator's statement "is admissible against a defendant if the government shows by a preponderance of the evidence that: (1) 'a conspiracy existed at the time the statement was made'; (2) 'the defendant had knowledge of, and participated in, the conspiracy'; and (3) 'the statement was made in furtherance of the conspiracy.'" *United States v. Alahmedalabdaloklah*, 94 F.4th 782, 833-34 (9th Cir. 2024) (quoting *United States v. Bowman*, 215 F.3d 951, 960-61 (9th Cir. 2000)). The government presented no evidence that Hampton and Nguyen conspired to do anything at the time the statement was made, aside from Exhibit 85 itself. That is insufficient, and the district court erred in admitting Exhibit 85 into evidence. *See id.* at 834 (stating that a coconspirator statement alone cannot establish the existence of a conspiracy or participation in it); Fed. R. Evid. 801(d)(2)(E). Nonetheless, the error was harmless because the government elicited overwhelming evidence of

Nguyen's awareness of, and participation in, the charged fraudulent scheme. *See United States v. Garza*, 980 F.2d 546, 553 (9th Cir. 1992).

8.     Nguyen argues that the district court erred in admitting testimony from Ezidore that Nguyen had a "morally flexible" character. Because Nguyen objected to this testimony on different bases at trial, she failed to preserve the issue, and we review for plain error. *See United States v. Gomez-Norena*, 908 F.2d 497, 500 (9th Cir. 1990).

We agree that the district court violated Rule 404(a)(1) by allowing Ezidore to testify that Nguyen was "morally flexible" because that testimony was elicited to show that Nguyen acted in conformity with that character while serving as the pharmacist-in-charge at IWP. But Nguyen has not demonstrated that the error affected her substantial rights and seriously "affected the fairness, integrity, or public reputation of judicial proceedings" because the government elicited overwhelming evidence of Nguyen's guilt independent of this testimony. *United States v. Voris*, 964 F.3d 864, 869 (9th Cir. 2020). Thus, she has not demonstrated plain error. *See id.*

9.     Nguyen challenges the exclusion of her husband's proffered testimony supporting her defense that she lacked financial motive to commit the charged crimes. The district court ruled that this testimony would be cumulative and irrelevant. "District courts have 'considerable latitude even with admittedly relevant

evidence in rejecting that which is cumulative.'" *United States v. Shih*, 73 F.4th 1077, 1097 (9th Cir. 2023) (quoting *Hamling v. United States*, 418 U.S. 87, 127 (1974)). The district court did not exceed that considerable latitude in view of Nguyen's testimony and personal knowledge of the information that her husband would have testified to.

10.    The district court's three evidentiary errors were cumulatively harmless because the government did not present a weak case, making it unlikely that Nguyen was prejudiced. *See United States v. Cazares*, 788 F.3d 956, 990-91 (9th Cir. 2015). For example, the government presented evidence of (a) Nguyen's involvement with providing Navanjun Grewal's fraudulent prescriptions, (b) Nguyen's text messages to Ezidore indicating she was aware of and participated in the fraudulent scheme, (c) Neviah's second-guessing her own opinions and agreeing that the Grewal prescriptions contained red flags, and (d) Nguyen's presentation to the IWP auditor of prescriptions that, according to the auditor, contained "many things of concern." As such, the cumulative effect of these errors does not warrant reversal.

### *Constructive Amendment of Count 49 of the Indictment*

11.    Nguyen argues that the government constructively amended Count 49 when it argued to the jury that it could find Nguyen guilty based on uncharged conduct related to the IWP audit. Because Nguyen did not raise this argument below, we

review for plain error. *See United States v. Mickey*, 897 F.3d 1173, 1183 (9th Cir. 2018).

The government did not present a "complex of facts" that was "distinctly different" from those in the indictment. *United States v. Singh*, 995 F.3d 1069, 1078 (9th Cir. 2021) (quoting *United States v. Davis*, 854 F.3d 601, 603 (9th Cir. 2017)). Specifically, the government outlined Nguyen's conduct with respect to the Grewal audit and merely mentioned the IWP audit in passing. Though the jury instructions did not identify the Grewal audit with specificity, the indictment did by identifying the conduct, audit number, and date. Moreover, the jurors were directed during closing to use the indictment as a guide. Thus, no plain error occurred.

### Sufficiency of the Evidence for the Jury's Verdicts for Counts 1-3, 5-6, 8-12, and 14-21

12. Nguyen argues that insufficient evidence proved she "knowingly and willfully executed" the alleged fraud and "acted with . . . the intent to deceive and cheat." We review de novo. *See United States v. Esquivel-Ortega*, 484 F.3d 1221, 1225 (9th Cir. 2007).

Sufficient evidence supports the verdicts. Many, but not all, of the fraudulent prescriptions have Nguyen's handwriting on them. Nguyen, however, need not have personally committed the acts constituting the crime if the claim was a result of her participation in the fraudulent scheme. *See United States v. Ubaldo*, 859 F.3d 690, 702 (9th Cir. 2017). Before filing any fraudulent claims, Nguyen signed the

pharmacy license purporting Hoang to be the owner, even though she knew Ezidore was in control. During the onsite IWP audit, Nguyen assisted the auditor by providing paperwork, including the fraudulent prescriptions. Based on her text messages, she knew that IWP did not collect copays as required by law. Finally, though not all the copies of the prescriptions were available, the jury had a copy of Exhibit 111, which summarized the compounded claims filled, billed, and paid from 2014 to 2015. Thus, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find that Nguyen had the requisite intent to commit health care fraud. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

### *Sentencing Issues*

13. Nguyen argues that the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B) by applying a special skills adjustment under United States Sentencing Guidelines ("USSG") § 3B1.3 to the offense level computation without resolving her factual objections. We review the district court's compliance with Rule 32 de novo. *United States v. Pineda-Doval*, 614 F.3d 1019, 1040 (9th Cir. 2010).

Nguyen objected to the revised presentence report's characterization that she gave Grewal special terminology intended to legitimize fabricated patient records for the purpose of obstructing the Grewal audit. The district court erred by not resolving this objection or determining that a ruling was unnecessary.

14. The district court similarly violated Rule 32(i)(3)(B) by accepting the United States Probation Office's ("USPO") loss calculation under USSG § 2B1.1(b)(1)(K) without resolving all of Nguyen's factual objections. The USPO calculated the loss as $11,098,755.83 based on all the prescriptions submitted to TRICARE between January and May of 2015. Nguyen argued that the loss calculation was incorrect because the government had not proved at trial that every prescription submitted during that time lacked medical necessity. The district court did not rule on this objection or state that a ruling was unnecessary.

Because the district court did not address all of Nguyen's evidentiary objections, we must vacate Nguyen's sentence and remand for resentencing. *See United States v. Herrera-Rojas*, 243 F.3d 1139, 1143 (9th Cir. 2001).

15. Nguyen argues that the district court imposed a vindictive sentence of 180 months for exercising her right not to allocute, violating her Fifth Amendment rights. "We review potential violations of the Fifth Amendment de novo." *United States v. Hulen*, 879 F.3d 1015, 1018 (9th Cir. 2018).

The district court attempted to elicit Nguyen's allocution to obtain additional information relevant to the factors enumerated in 18 U.S.C. § 3553(a). Ultimately, the district court imposed the tentative sentence it had announced at the beginning of the hearing. Thus, the district court did not violate Nguyen's Fifth Amendment rights.

16. Because we vacate the sentence and remand for resentencing, we decline to review Nguyen's 180-month sentence for substantive reasonableness.

### *Reassignment on Remand*

17. Nguyen asks that we reassign her case to a different district judge because the district judge "will likely have difficulty putting aside prior determinations and reassignment is advisable to preserve the appearance of justice." "Reassignment on remand is highly discouraged, and such a motion will be granted 'only in unusual circumstances or when required to preserve the interests of justice.'" *United States v. Lynch*, 903 F.3d 1061, 1085 (9th Cir. 2018) (quoting *United States v. Wolf Child*, 699 F.3d 1082, 1102 (9th Cir. 2012)).

Weighing the relevant factors, *see Manley v. Rowley*, 847 F.3d 705, 712 (9th Cir. 2017), reassignment is not warranted here. The district judge will be required to correct two procedural errors by explicitly resolving Nguyen's unresolved factual objections to the revised presentence report. There is no indication that the district judge will refuse to follow our mandate. *See Lynch*, 903 F.3d at 1085. Nor has Nguyen demonstrated that reassignment is necessary to preserve the appearance of justice. Finally, we note that reassignment of this complex case would result in substantial waste and duplication.

**AFFIRMED in part; VACATED in part; and REMANDED.**[1]

---

[1] Nguyen's motion for judicial notice, Dkt. 18, is denied.