NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 25 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER, <br><br> Plaintiff - Appellant, <br><br> and <br><br> GALLATIN WILDLIFE ASSOCIATION, <br><br> Plaintiff, <br><br> v. <br><br> DALE OLSON, in his official capacity as Madison District Ranger of the Beaverhead Deerlodge National Forest; UNITED STATES FOREST SERVICE, <br><br> Defendants - Appellees. | No. 23-4229 <br><br> D.C. No. 2:23-cv-00012-BMM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, Chief District Judge, Presiding

Argued and Submitted August 22, 2024
Portland, Oregon

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WALLACH,[**] CHRISTEN, and HURWITZ, Circuit Judges.

Cottonwood Environmental Law Center ("Cottonwood") appeals the district court's dismissal of this action against the United States Forest Service concerning seven sheep-grazing allotments in Montana. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Palm v. L.A. Dep't of Water & Power*, 889 F.3d 1081, 1085 (9th Cir. 2018), we affirm.

1.     In a prior suit between Cottonwood and the Forest Service, the district court entered a final judgment requiring the agency to reconsider environmental assessments on the seven allotments in light of evidence presented by Cottonwood and any "new information." *See Gallatin Wildlife Ass'n v. U.S. Forest Serv.* ("*Gallatin I*"), 2016 WL 3282047 (D. Mont. June 14, 2016), *aff'd*, 848 F. App'x 298 (9th Cir. 2021). In this suit, Cottonwood argues that the agency subsequently overlooked new information on grizzly bear mortality and conflicts with sheep dogs. The district court observed that Cottonwood had raised and then "abandoned" arguments in *Gallatin I* that relied on a "largely identical set of facts" and found the issues precluded because they "share[d] a nucleus of facts with claims that were or could have been raised in *Gallatin I*." The district court did not err; those issues were "raised or could have been raised" in the prior litigation.

---

[**]     The Honorable Evan J. Wallach, United States Circuit Judge for the Federal Circuit, sitting by designation.

*GP Vincent II v. Est. of Beard*, 68 F.4th 508, 514 (9th Cir. 2023) (cleaned up).

2.    The district court correctly dismissed Cottonwood's request to compel the Forest Service to complete its planned environmental analyses for lack of subject matter jurisdiction.  Under the Administrative Procedure Act, the district court can "compel agency action . . . unreasonably delayed[,]" 5 U.S.C. § 706(1), but "only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*," *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004).

The district court correctly held that the Service is "not required to undertake agency action beyond that which already has been taken."  Because the Service already fulfilled its duty to conduct analyses under the National Environmental Policy Act (NEPA), Cottonwood fails to identify a discrete agency action that the Service is required to take.  *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 932 (9th Cir. 2010).

3.    The district court properly dismissed Cottonwood's claim that the Forest Service violated NEPA.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The complaint must establish "more than a sheer possibility" that defendants have "acted unlawfully."  *Id.*

The district court correctly found that the NEPA allegation "lacks sufficient

factual allegations to surpass mere possibility and enter the realm of a plausible entitlement to relief." The operative complaint does not plausibly allege that the agency acted arbitrarily, capriciously, or in violation of law. *See* 5 U.S.C. § 706(2)(A) (APA standard of review). For example, Cottonwood asserts that "[b]ighorn sheep and permitted sheep have been found in close proximity since bighorn sheep were reintroduced," but mentions no specific incident of such "close proximity." Similarly, Cottonwood's averment that "bighorn sheep have been observed near the domestic sheep trailing route" in the Snowcrest Mountains fails to define "near." The complaint's reference to a permittee seeing a bighorn sheep on the West Fork allotment does not involve the allotments at issue in this suit. Cottonwood also alleges that a Bureau of Land Management employee reported that a dead bighorn ewe was found in one of the domestic sheep allotments, but the Forest Service reasonably concluded that it did not have to prepare a supplemental analysis due to this incident because it could not confirm that the dead ewe was in fact a bighorn.[1]

---

[1] After argument, Cottonwood filed a Rule 28(j) letter citing to a recent Montana Department of Fish, Wildlife, and Parks press release, which notes that a grizzly bear killing occurred in the Gravelly Mountains due to sheep depredation. (Dkt. 31). "Rule 28(j) . . . is not designed to bring new evidence through the back door." *Trans-Sterling, Inc. v. Bible*, 804 F.2d 525, 528 (9th Cir. 1986). Cottonwood's "letter offers no new authorities, but rather seeks to supplement the record with new evidence," *Manley v. Rowley*, 847 F.3d 705, 710 n.2 (9th Cir. 2017), which is not properly before us.

**AFFIRMED.**