NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ESTATE OF IAN SIMMERS, by and through administrator Donna Berube,

Plaintiff - Appellant,

v.

COUNTY OF KING; CITY OF BOTHELL; EDWARD J. HOPKINS, Detective; REBECCA MINER, Detective; JOHN MCSWAIN, Detective; PAT RAFTIS, Detective; KENT BAXTER, Detective; MARK ERICKS, Chief; DAVID SCHLAEGEL, Detective Sergeant,

Defendants - Appellees.

No. 24-3636

D.C. No.
2:21-cv-00100-BJR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Argued and Submitted June 10, 2025
San Francisco, California

Before: S.R. THOMAS and M. SMITH, Circuit Judges, and RAYES, District

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Judge.[**]

After confessing to the crime, Ian Simmers was convicted in 1996 in the Superior Court of Washington for King County for first-degree murder when he was sixteen years old. Decades later, Simmers moved for a new trial. In response, the State moved to vacate the conviction, which the court granted. Simmers subsequently filed this lawsuit, claiming that officers involved in the murder investigation coerced his confession and fabricated evidence against him in violation of 42 U.S.C. § 1983, resulting in his wrongful conviction. After Simmers passed away, his mother was appointed as the administrator of his Estate, which was substituted as plaintiff in the suit.

Distilled by waivers and dismissals, the case consisted of the following claims at summary judgment: (1) a coerced-confession claim, (2) a denial-of-a-fair-trial claim premised on the alleged fabrication of evidence,[1] (3) a failure-to-intervene claim, (4) a conspiracy claim, and (5) a *Monell* municipal-liability claim. The district court granted summary judgment in favor of the Appellees[2] on all

[**] The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

[1] The Estate also advanced a *Brady* nondisclosure theory for its denial-of-a-fair-trial claim. The Estate cursorily references the theory in a footnote and fails to mention it in its Reply. Accordingly, we deem the theory waived. *See Hilao v. Est. of Marcos*, 103 F.3d 767, 778 n.4 (9th Cir. 1996).

[2] The King County Appellees (John McSwain and King County) and the Bothell Appellees (Edward J. Hopkins, Rebecca Miner, Mark Ericks, David Schlaegel, and the City of Bothell) filed separate answering briefs. We refer to all

claims. The Estate timely appealed.

We review a district court's grant of summary judgment de novo. *Bahreman v. Allegiant Air, LLC*, 122 F.4th 1155, 1158 (9th Cir. 2024). We have jurisdiction under 28 U.S.C. § 1291, and affirm in part, reverse in part, and remand for further proceedings.

1. The district court properly granted summary judgment on the coerced-confession claim. The Fifth Amendment "bars the introduction against a criminal defendant of out-of-court statements obtained by compulsion." *Vega v. Tekoh*, 597 U.S. 134, 141 (2022). Although courts must take "special caution" regarding the "admissions and confessions of juveniles," *In re Gault*, 387 U.S. 1, 45 (1967), the ultimate inquiry is whether a suspect's "will was overborne by official pressure, fatigue and sympathy falsely aroused after considering all the facts," *Spano v. New York*, 360 U.S. 315, 323 (1959).

The district court considered Simmers's age, previous experiences with law enforcement, and his above-average intelligence. The district court also considered Simmers's mental vulnerabilities, the absence of a parent, the moderate length of the detention and period of interrogation, the officers' use of deceptive tactics, and Simmers's invocation of the right to silence and counsel. The district court noted that Simmers expressed repeatedly that he wanted to confess to "burnish his

appellees collectively as "Appellees," but where appropriate, we refer to the distinct groups as the "King County Appellees" and the "Bothell Appellees."

3                                                                        24-3636

reputation as a gangster," and officers read and explained to Simmers his *Miranda* rights at least four times and each time he signed waivers of those rights. Under the totality of the circumstances, the district court found the confession voluntary as a matter of law. We agree with the district court's analysis of the confession and affirm on substantially the same grounds.

Although the district court erred in making a credibility determination at summary judgment, *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017), the error was harmless because the evidence is immaterial. *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any *material* fact and the movant is entitled to judgment as a matter of law" (emphasis added)). The district court concluded the assertions that Simmers invoked his right to silence and counsel "defy credibility," because they were raised for the first time in a 2022 deposition. As to silence, in the deposition, Simmers stated, "I told officers that I did not want to speak to them" and then "[a]n indeterminate amount of time later they came back." Even if credited, this testimony is not sufficient to create a genuine dispute as to whether Simmers's right to silence was "scrupulously honored" when he did not testify to the amount of time that elapsed, and it is undisputed that he received fresh *Miranda* warnings. *See United States v. Hsu*, 852 F.2d 407, 410 (9th Cir. 1988). As to counsel, in the same deposition, Simmers stated that he "believe[s]" he invoked his right to

counsel before giving his statement, but "this was a long time ago, so these are not things that are very clear to [him] anymore." Apart from the erroneous credibility determination, the district court also found Simmers's testimony too vague to permit a jury to find that he invoked his right to counsel. We agree. This evidence, without more specificity as to the circumstances surrounding Simmers's potential request, is insufficient to create a triable issue as to whether Simmers *unambiguously* requested counsel. *Cf. Tobias v. Arteaga*, 996 F.3d 571, 580 (9th Cir. 2021).[3]

2. The district court erred in granting summary judgment with respect to one aspect of the denial-of-a-fair-trial claim. Suspects have a "clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074–75 (9th Cir. 2001). "To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). A plaintiff can show fabrication through, among other things, either direct

---

[3] Relying on *Vega*, 597 U.S. at 141, the King County Appellees assert that the alleged *Miranda* violations are insufficient to establish liability under §1983. But the Estate asserts a coerced confession claim, not a standalone claim for violations of *Miranda*, and merely utilizes the alleged *Miranda* violations as evidence that the confession was coerced. As such, *Vega* is not dispositive.

evidence of mischaracterizations or falsehoods included in reports or documents, *Costanich v. Dep't of Social & Health Servs.*, 627 F.3d 1101, 1111 (9th Cir. 2010), or circumstantially by evidence that officers continued their investigation even when they knew or should have known the suspect was innocent, *Caldwell v. City & Cnty. of San Francisco*, 889 F.3d 1105, 1112–13 (9th Cir. 2018).

The Estate identifies four instances of alleged fabrication: (1) Hopkins's and Rusk's interrogation reports, (2) reports indicating that Simmers knew nonpublic details of the murder, (3) McSwain's report of his interactions with Jonathan Wyatt, and (4) Hopkins's documents about an informant. The Estate raises a triable issue of fact only as to the third instance.

As a preliminary matter, the district court did not err by considering Wyatt's interview, contrary to the King County Appellees' contention. Though the interview itself is in an inadmissible form, the parties do not dispute that Wyatt is alive and available to testify. The district court can issue a subpoena to force his appearance at trial. Fed. R. Civ. P. 45(a). Thus, as necessary to be considered at summary judgment, the evidence is capable of being presented in an admissible form at trial. *See JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016).

McSwain's report claims that Wyatt inculpated Simmers in the murder. But when later confronted with information from McSwain's report, Wyatt

unequivocally stated that the information was not true. Construing the evidence in a light favorable to the Estate, there is a genuine dispute about whether Wyatt suggested that Simmers was involved in the murder. And the allegedly fabricated evidence would have been material because it was included in the probable cause documents. *See Caldwell*, 889 F.3d at 1116–17 (reasoning that fabricated evidence is material if it is introduced to and reviewed by the prosecutor before making a charging decision).

The other alleged instances of fabrication, however, cannot survive summary judgment. As to the first instance, "[w]e have held that coerced confession claims are not cognizable under a *Devereaux* fabrication-of-evidence theory." *Tobias*, 996 F.3d at 575 n.1. The other two instances fail because, even construing all the evidence in the Estate's favor, the Estate failed to put forth any direct or circumstantial evidence of fabrication.

3. The district court properly granted summary judgment on each of the Estate's derivative claims. First, the failure-to-intervene claim fails because the Estate forfeited it by summarily referencing the claim in a footnote. *Hilao*, 103 F.3d at 778 n.4. Second, the conspiracy claim fails because the singular claim on remand is the alleged instance of fabrication involving only McSwain, and thus there is no evidence of a meeting of multiple minds to deprive Simmers of his rights. *See Ward v. EEOC*, 719 F.2d 311, 314 (9th Cir. 1983). Finally, the *Monell*

municipal-liability claim, based on a theory of deliberate indifference, fails because of a lack of evidence of any pattern of similar constitutional violations resulting from a policy, custom, or untrained employees. *Connick v. Thompson*, 563 U.S. 51, 61 (2011); *see also Stoot v. Everett*, 582 F.3d 910, 929–30 (9th Cir. 2009).

4. We disagree with the King County Appellees' argument that, as an alternative ground for summary judgment, the Estate's federal suit is barred because the Estate is simultaneously pursuing a state-law claim under Washington's Wrongly Convicted Persons Act ("WCPA"). The WCPA provides a wrongly convicted person a cause of action, Wash. Rev. Code § 4.100.020(1), but "the claimant waives any and all other remedies, causes of action, and other forms of relief or compensation against the state . . . including claims pursuant to 42 U.S.C. Sec. 1983," § 4.100.080(1). The Washington Court of Appeals has explained that "the WCPA allows for concurrent actions as long as the claimant does not both recover relief from the State or state actors *and* receive and retain compensation under the WCPA," *Larson v. State*, 447 P.3d 168, 172 (Wash. Ct. App. 2019) (emphasis in original), meaning that the Estate may *maintain* both its federal and state actions, but cannot *recover* under both. *Accord Statler v. Spokane Cnty.*, No. 2:15-CV-0332-TOR, 2016 WL 5219594, at *3 (E.D. Wash. Sep. 20,

2016) ("[T]his Court concludes the provisions of the WCPA do not bar Plaintiffs from bringing claims under 42 U.S.C. § 1983, at this time.").

5. We decline to grant judicial reassignment on remand, as requested by the Estate. Pursuant to 28 U.S.C. § 2106, we have "supervisory powers" to do so, but we exercise that authority only in "rare and extraordinary circumstances." *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1118 (9th Cir. 2001) (quoting *Air-Sea Forwarders, Inc. v. Air Asia. Co., Ltd.*, 880 F.2d 176, 191 (9th Cir. 1989)). Though the district court erroneously made credibility determinations, this does not warrant such a remedy. Indeed, we have declined to reassign a case on remand even where the district court made erroneous credibility determinations after a bench trial. *Kirola v. City & Cnty. of San Francisco*, 860 F.3d 1164, 1184–85 & n.11 (9th Cir. 2017). The Estate does not explain how the circumstances here are distinct, let alone rare and extraordinary. And if this case proceeds to trial, a jury, not the judge, will be the ultimate fact finder.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**